[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12460
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00334-SPC-CM


STANLEY LONGO,
an individual,

Plaintiff-Appellant,

versus

SEMINOLE INDIAN CASINO-IMMOKALEE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 24, 2016)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and ANDERSON, Circuit
Judges.

PER CURIAM:

Stanley Longo appeals the district court's grant of the Seminole Indian Casino-Immokalee's motion to dismiss his lawsuit.

Longo filed a complaint against the Casino alleging unlawful gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. Longo does not dispute that the Seminole Tribe of Florida owns and operates the Casino under the name "Seminole Indian Casino-Immokalee." The district court dismissed his lawsuit because the Tribe is a federally recognized tribe entitled to sovereign immunity.

"We review de novo the district court's dismissal of a complaint for sovereign immunity." Contour Spa at the Hard Rock, Inc. v. Seminole Tribe of Fla., 692 F.3d 1200, 1203 (11th Cir. 2012) (quotation marks omitted). Because federally recognized tribes have sovereign immunity, they generally cannot be sued. Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754, 118 S. Ct. 1700, 1702 (1998).[1]

A list published by the Bureau of Indian Affairs establishes that the Tribe is federally recognized. See Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs, 80 Fed. Reg. 1942-02 (Jan. 14, 2015) (listing the Tribe as one that is "federally acknowledged" and

---

[1] Congressional authorization or tribal waiver of immunity may open the way for a lawsuit against a tribe, Kiowa Tribe, 523 U.S. at 754, 118 S. Ct. at 1702, but neither occurred here.

"recognized" by the Bureau).[2]  The Bureau promulgated that list under the

Federally Recognized Indian Tribe List Act of 1994.  Pub. L. No. 103–454,

§§ 102(3), 104(a), 108 Stat. 4791 (1994); see also 25 U.S.C. § 479a-1(a).  As the

title of that act suggests, inclusion on the list means that a tribe is federally

recognized.  See 25 C.F.R. § 83.1 (2015) (defining "[f]ederally recognized Indian

tribe" as "an entity listed on the Department of the Interior's list under the

Federally Recognized Indian Tribe List Act of 1994 . . . ."); see also LaPier v.

McCormick, 986 F.2d 303, 305 (9th Cir. 1993) ("Absent evidence of its

incompleteness, the [Bureau's] list appears to be the best source to identify

federally acknowledged Indian tribes . . . .").

We must follow the Bureau's determination about whether an Indian tribe is

federally recognized.  See United States v. Holliday, 70 U.S. 407, 419 (1865)

(stating that if the "political departments of the government" recognize Indians as a

tribe, "this [C]ourt must do the same").  We therefore hold that the Tribe is a

federally recognized Indian tribe entitled to sovereign immunity.[3]  The district

court did not err in dismissing Longo's lawsuit.

---

[2] We take judicial notice of documents published in the Federal Register.  See 44 U.S.C. § 1507 ("The contents of the Federal Register shall be judicially noticed . . . .").

[3] The Tribe has also filed a motion for "sanctions and double costs" against Longo and his counsel under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927 on the grounds that Longo's appeal is frivolous.  In the exercise of our discretion, that motion is DENIED solely because we have not previously decided in a published decision that the Tribe is federally recognized and entitled to sovereign immunity.  This opinion holding that it is serves notice that future claims like this one against the Tribe are likely to be held frivolous.

**AFFIRMED.**